## IN THE UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| BEDIVERE INSURANCE COMPANY, as Successor in interest to ONEBEACON AMERICA INSURANCE COMPANY f/k/a WESTERN STATES INSURANCE COMPANY | ) ) ) No.: ) |
| Plaintiff, | ) ) |
| vs. | ) ) |
| MODERN HOMES, INC., MODERN CONTRACTORS, INC., MODERN REALTY, INC., GUY LOLMAUGH, PATRICIA LOLMAUGH, BRIAN LOLMAUGH, BETH VAN DYKE, JONATHAN VAN DYKE, AND DESIGN BASICS, LLC, | ) ) ) ) ) ) ) |
| Defendants. | ) ) |

### COMPLAINT FOR DECLARATORY JUDGMENT

NOW COMES Plaintiff, BEDIVERE INSURANCE COMPANY as Successor in Interest to

ONEBEACON AMERICA INSURANCE COMPANY f/k/a WESTERN STATES INSURANCE COMPANY

("Bedivere") by its attorneys, Michael J. Duffy and Christopher M. Sweeney of Wilson Elser

Moskowitz Edelman & Dicker LLP, and for its Complaint for Declaratory Judgment against

Defendants MODERN HOMES, INC. ("MHI"), MODERN CONTRACTORS, INC. ("MCI"), MODERN

REALTORS, INC. ("MRI"), GUY LOLMAUGH, PATRICIA LOLMAUGH, BRIAN LOLMAUGH, BETH VAN

DYKE, JONATHAN VAN DYKE, and DESIGN BASICS, LLC ("DB"), states as follows:

### STATEMENT OF CASE

1.    This is an action for declaratory judgment pursuant to the Federal Declaratory

Judgment Act, 28 U.S.C. § 2201, to determine an actual controversy between the parties

concerning the rights and obligations arising under an insurance policy. Specifically, this action

18751.26
2530686v.1

seeks a declaration that Bedivere owes no insurance coverage obligations to MHI; MCI; MRI; Guy, Patricia and Brian Lolmaugh; and Beth and Jonathan Van Dyke (collectively referred to as the "Modern Defendants") in connection with the claims asserted in the lawsuit styled *Design Basics, LLC v. Modern Homes, Inc., et al.*, Case No. 18-cv-500051 currently pending in the United States District Court, Northern District of Illinois, Eastern Division ("*DB* Lawsuit").

## PARTIES

2.      Bedivere is an insurance company existing under the laws of Pennsylvania with its principal place of business in Massachusetts.

3.      MHI is an Illinois corporation with its principal place of business in Illinois and does business within this District.

4.      MCI is an Illinois corporation with its principal place of business in Illinois and does business within this District.

5.      MRI is an Illinois corporation with its principal place of business in Illinois and does business within this District.

6.      Guy, Patricia and Brian Lolmaugh are citizens of Illinois and reside and/or do business within this District.

7.      Beth and Jonathan Van Dyke are citizens of Illinois and reside and/or do business within this District.

8.      DB is a Nebraska limited liability company with its principal place of business in Omaha, Nebraska. The individual members of DB are neither citizens of Massachusetts nor Pennsylvania. This Defendant is jointed herein solely as an interested party to be bound by the judgment of this Court.

## JURISDICTION AND VENUE

9.     This Court has subject matter jurisdiction over this action pursuant to 28 U.S.C. § 1332 as the amount in controversy exceeds $75,000.00 exclusive of costs and interest, and Bedivere is not a citizen of any state in which any of the Defendants is a citizen.

10.     Venue is proper in this District pursuant to 28 U.S.C. § 1391 as this case involves a claim for coverage under an insurance policy issued within this District for a suit which is pending within this District, and the Defendants are residents of and/or do business within this District.

## FACTS

11.     On or about March 9, 2017, the Modern Defendants were notified of DB's claims of copyright infringement against them.

12.     On February 9, 2018, DB filed its Complaint for Copyright Infringement in the *DB* Lawsuit alleging nine counts relating to various copyright infringements by the Modern Defendants. A copy of the Complaint in the *DB* Lawsuit is attached hereto as Exhibit 1.

13.     Bedivere first received notice of the *DB* Lawsuit and the matters and claims at issue therein on May 3, 2018 when the Modern Defendants tendered their defense and indemnity to Bedivere under a policy of liability insurance issued by Western States Insurance Company ("Western States") to MHI. A copy of what can be found of that Western States policy is attached as Exhibit 2 and will be referred to hereinafter as the "Bedivere policy".

14.     The Bedivere policy provides, in part, as follows:

### COMMERCIAL GENERAL LIABILITY COVERAGE FORM

\*     \*     \*

3

**SECTION I – COVERAGES**

**COVERAGE A BODILY INJURY AND PROPERTY DAMAGE LIABILITY**

1.      **Insuring Agreement.**

      a.      We will pay those sums that the insured becomes legally obligated to pay as damages because of "bodily injury" or "property damage" to which this insurance applies.  No other obligation or liability to pay sums or perform acts or services is covered unless explicitly provided for under SUPPLEMENTARY PAYMENTS—COVERAGES A AND B.  This insurance applies only to "bodily injury" and "property damage" which occurs during the policy period.  The "bodily injury" or "property damage" must be caused by an "occurrence."  The "occurrence" must take place in the "coverage territory."  We will have the right and duty to defend any "suit" seeking those damages. But:

*     *     *

      b.      Damages because of "bodily injury" include damages claimed by any person or organization for care, loss of services or death resulting at any time from the "bodily injury."

      c.      "Property damage" that is loss of use of tangible property that is not physically injured shall be deemed to occur at the time of the "occurrence" that caused it.

*     *     *

**COVERAGE B PERSONAL AND ADVERTISING INJURY LIABILITY**

1.      **Insuring Agreement.**

      a.      We will pay those sums that the insured becomes legally obligated to pay as damages because of "personal injury" or "advertising injury" to which this insurance applies.  No other obligation or liability to pay sums or perform acts or services is

4

2530686v.1

covered unless explicitly provided for under SUPPLEMENTARY PAYMENTS—COVERAGES A AND B. We will have the right and duty to defend any "suit" seeking those damages.

* * *

b. This insurance applies to "personal injury" only if caused by an offense:

(1) Committed in the "coverage territory" during the policy period; and

(2) Arising out of the conduct of your business, excluding advertising, publishing, broadcasting or telecasting done by or for you.

c. This insurance applies to "advertising injury" only if caused by an offense committed:

(1) In the "coverage territory" during the policy period; and

(2) In the course of advertising your goods, products or services.

2. Exclusions.

This insurance does not apply to:

a. "Personal injury" or "advertising injury":

(1) Arising out of oral or written publication of material, if done by or at the direction of the insured with knowledge of its falsity;

* * *

b. "Advertising injury" arising out of:

* * *

(2) The failure of goods, products or services to conform with an advertised quality or performance;

5

* * *

### SECTION II – WHO IS AN INSURED

1.      If you are designated in the Declarations as:

    a.      An individual, you and your spouse are insureds, but only with respect to the conduct of a business of which you are the sole owner.

    b.      A partnership or joint venture, you are an insured. Your members, your partners and their spouses are also insureds, but only with respect to the conduct of your business.

    c.      An organization other than a partnership or joint venture, you are an insured. Your executive officers and directors are insureds, but only with respect to their duties as your officers or directors. Your stockholders are also insureds, but only with respect to their liability as stockholders.

2.      Each of the following is also an insured.

    a.      Your employees, other than your executive officers, but only for acts within the scope of their employment by you. However, none of these employees is an insured for:

        (1)      "Bodily injury" or "personal injury" to you or to a co-employee while in the course of his or her employment; or

        (2)      "Bodily injury" or "personal injury" arising out of his or her providing or failing to provide professional heath care services; or

        (3)      "Property damage" to property owned or occupied by or rented or loaned to that employee, any of your other employees, or any of your partners or members (if you are a partnership or joint venture).

6

2530686v.1

b.    Any person (other than your employee), or any organization while acting as your real estate manager.

c.    Any person or organization having proper temporary custody of your property if you die, but only:

      (1)    With respect to liability arising out of the maintenance or use of that property; and

      (2)    Until your legal representation has been appointed.

d.    Your legal representative if you die, but only with respect to duties as such. That representative will have all your rights and duties under this Coverage Part.

3.    With respect to "mobile equipment" registered in your name under any motor vehicle registration law, any person is an insured while driving such equipment along a public highway with your permission.

Any other person or organization responsible for the conduct of such person is also an insured, but only with respect to liability arising out of the operation of the equipment, and only if no other insurance of any kind is available to that person or organization for this liability. However, no person or organization is an insured with respect to:

a.    "Bodily injury" to a co-employee of the person driving the equipment; or

b.    "Property damage" to property owned by, rented to, in the charge of or occupied by you or the employer of any person who is an insured under this provision.

4.    Any organization you newly acquire or form, other than a partnership or joint venture, and over which you maintain ownership or majority interest, will be deemed to be a Named Insured if there is no other similar insurance available to that organization. However,

7

2530686v.1

a. Coverage under this provision is afforded only until the 90th day after you acquire or form the organization or, the end of the policy period, whichever is earlier;

b. Coverage A does not apply to "bodily injury" or "property damage" that occurred before you acquired or formed the organization; and

c. Coverage B does not apply to "personal injury" or "advertising injury" arising out of an offense committed before you acquired or formed the organization.

No person or organization is an insured with respect to the conduct of any current or past partnership or joint venture that is not shown as a Named Insured in the Declarations.

\*　　\*　　\*

SECTION IV – COMMERCIAL GENERAL LIABILITY CONDITIONS

\*　　\*　　\*

2. Duties In The Event Of Occurrence, Claim Or Suit.

a. You must see to it that we are notified promptly of an "occurrence" which may result in a claim. Notice should include:

(1) How, when and where the "occurrence" took place; and

(2) The names and addresses of any injured persons and witnesses.

b. If a claim is made or "suit" is brought against any insured, you must see to it that we receive prompt written notice of the claim or "suit."

c. You and any other involved insured must:

(1) Immediately send us copies or any demands, notices, summonses or legal

8

papers received in connection with the claim or "suit";

(2)   Authorize us to obtain records and other information;

(3)   Cooperate with us in the investigation, settlement or defense of the claim or "suit"; and

(4)   Assist us, upon our request, in the enforcement of any right against any person or organization which may be liable to the insured because of injury or damage to which this insurance may also apply.

d.   No insureds will, except at their own cost, voluntarily make a payment, assume any obligation or incur any expense, other than for first aid, without our consent.

\*      \*      \*

## SECTION V – DEFINITIONS

1.   "Advertising injury" means injury arising out of one or more of the following offenses:

a.   Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services;

b.   Oral or written publication of material that violates a person's right or privacy;

c.   Misappropriation of advertising ideas or style of doing business; or

d.   Infringement of copyright, title or slogan.

\*      \*      \*

3.   "Bodily injury" means bodily injury, sickness or disease sustained by a person, including death resulting from any of these at any time.

9

\*     \*     \*

9.     "Occurrence" means an accident, including continuous or repeated exposure to substantially the same general harmful conditions.

10.     "Personal injury" means injury, other than "bodily injury," arising out of one or more of the following offenses:

    a.     False arrest, detention or imprisonment;

    b.     Malicious prosecution;

    c.     Wrongful entry into, or eviction of a person from, a room, dwelling or premises that the person occupies;

    d.     Oral or written publication of material that slanders or libels a person or organization or disparages a person's or organization's goods, products or services; or

    e.     Oral or written publication of material that violates a person's right of privacy.

\*     \*     \*

See, Exhibit 2.

15.     Bedivere denies it owes any defense or indemnity obligations with respect to the claims in the *DB* Lawsuit.

16.     An actual and justiciable controversy exists between Plaintiff and the Defendants as to the availability of insurance coverage with respect to the claims in the *DB* Lawsuit under the Bedivere policy. Pursuant to the Federal Declaratory Judgment Act, 28 U.S.C. §2201, this Court is vested with the power to declare the rights and liabilities of the parties hereto and to give such other and further relief that may be necessary.

10

2530686v.1

## COUNT I
## NO "BODILY INJURY" OR "PROPERTY DAMAGE" CAUSED BY AN "OCCURRENCE"

17.     Plaintiff incorporates and restates the allegations of Paragraphs 1 through 16 above as if fully set forth herein.

18.     Subject to all of its terms, the Bedivere policy provides coverage for claims for "damages" because of "bodily injury" or "property damage" caused by an "occurrence" as those terms are defined and used in the policy.

19.     The *DB* Lawsuit does not allege claims for "damages" because of "bodily injury" or "property damage" caused by an "occurrence."

20.     Therefore, Bedivere has no duty to defend or indemnify the Modern Defendants for the *DB* Lawsuit.

WHEREFORE, Plaintiff, Bedivere, prays that this Court enter the following relief:

A.     Finding Bedivere owes no duty to defend or indemnify the Modern Defendants for the claims in the *DB* Lawsuit; and

B.     For all such just and equitable relief, including costs for this suit.

## COUNT II
## NO "PERSONAL INJURY" OR "ADVERTISING INJURY" COVERAGE

21.     Plaintiff incorporates and restates the allegations of Paragraphs 1 through 16 above as if fully set forth herein.

22.     Subject to all of its terms, the Bedivere policy provides coverage for claims for "damages" because of "personal injury" and "advertising injury" caused by an offense which takes place during the effective dates of the Bedivere policy.

11

23.     The *DB* Lawsuit does not allege claims for "damages" because of "personal injury" or "advertising injury" caused by an offense which took place during the effective dates of the Bedivere policy (February 15, 1989 to February 15, 1990).

24.     Therefore, Bedivere has no duty to defend or indemnify the Modern Defendants for the *DB* Lawsuit.

WHEREFORE, Plaintiff, Bedivere, prays that this Court enter the following relief:

A.     Finding Bedivere owes no duty to defend or indemnify the Modern Defendants

for the claims in the *DB* Lawsuit; and

B.     For all such just and equitable relief, including costs for this suit.

## COUNT III
### THE KNOWLEDGE OF FALSITY EXCLUSION PRECLUDES COVERAGE

25.     Plaintiff incorporates and restates the allegations of Paragraphs 1 through 16 above as if fully set forth herein.

26.     The Bedivere policy precludes coverage for "personal injury" or "advertising injury" arising out of oral or written publication of material if done with knowledge of its falsity.

27.     The claims at issue in the *DB* Lawsuit arise out of the Modern Defendants knowingly publishing false materials and are, therefore, excluded from coverage.

28.     Accordingly, Bedivere owes no duty to defend or indemnify the Modern Defendants for the *DB* Lawsuit.

WHEREFORE, Plaintiff, Bedivere, prays that this Court enter the following relief:

A.     Finding Bedivere owes no duty to defend or indemnify the Modern Defendants

for the claims in the *DB* Lawsuit; and

B.     For all such just and equitable relief, including costs for this suit.

12

2530686v.1

## COUNT IV
## FAILURE OF GOODS EXCLUSION PRECLUDES COVERAGE

29.     Plaintiff incorporates and restates the allegations of Paragraphs 1 through 16 above as if fully set forth herein.

30.     The Bedivere policy precludes coverage for "advertising injury" arising out of the failure of goods, products or services to conform to an advertised quality.

31.     The claims in the *DB* Lawsuit fall within Failure of Goods Exclusion.

32.     Accordingly, Bedivere owes no duty to defend or indemnify the Modern Defendants for the *DB* Lawsuit.

WHEREFORE, Plaintiff, Bedivere, prays that this Court enter the following relief:

A.      Finding Bedivere owes no duty to defend or indemnify the Modern Defendants

for the claims in the *DB* Lawsuit; and

B.      For all such just and equitable relief, including costs for this suit.

## COUNT V
## NO COVERAGE FOR PERSONS OR ENTITIES WHO ARE NOT AN INSURED

33.     Plaintiff incorporates and restates the allegations of Paragraphs 1 through 16 above as if fully set forth herein.

34.     Subject to all of its terms, the Bedivere policy only provides coverage for those sums an insured becomes legally obligated to pay as damages.

35.     MCI, MRI and Brian Lolmaugh are not Named Insureds nor do they otherwise qualify as insureds under the Bevidere policy as respects the *DB* Lawsuit.

13

2530686v.1

36.     To the extent the *DB* Lawsuit seeks sums against Guy and Patricia Lolmaugh and/ or Beth and Jonathan Van Dyke in a capacity other than an employee, executive officer, director or shareholder of MHI, they do not qualify as insureds under the Bedivere policy.

37.     Therefore, Bedivere owes no duty to defend or indemnify MCI, MRI and Brian Lolmaugh for the *DB* Lawsuit and owe no coverage to Guy and Patricia Lolmaugh and/ or Beth and Jonathan Van Dyke to the extent they are not held liable in an insured capacity.

WHEREFORE, Plaintiff, Bedivere, prays that this Court enter the following relief:

A.     Finding Bedivere owes no coverage to the Modern Defendants for these claims in the *DB* Lawsuit; and

B.     For all such just and equitable relief, including costs for this suit.

## COUNT VI
## "DAMAGES"

38.     Plaintiff incorporates and restates the allegations of Paragraphs 1 through 16 above as if fully set forth herein.

39.     Subject to all of its terms, the Bedivere policy only requires that the insurer pay "damages" which the insured becomes legally obligated to pay.

40.     The *DB* Lawsuit seeks an accounting and injunctive relief.

41.     These claims do not seek "damages" under the Bedivere policy as that term is used in the policy.

WHEREFORE, Plaintiff, Bedivere, prays that this Court enter the following relief:

A.     Finding Bedivere owes no duty to defend or indemnify the Modern Defendants for these claims in the *DB* Lawsuit; and

B.     For all such just and equitable relief, including costs for this suit.

14

2530686v.1

## COUNT VI
### NOTICE

42.     Plaintiff incorporates and restates the allegations of Paragraphs 1 through 16 above as if fully set forth herein

43.     The Modern Defendants have breached the Notice Condition of the Bedivere policy by failing to give prompt notice of the claims in the *DB* Lawsuit.

44.     Therefore, Bedivere owes no duty to defend or indemnify the Modern Defendants for the *DB* Lawsuit.

WHEREFORE, Plaintiff, Bedivere, prays that this Court enter the following relief:

A.      Finding Bedivere owes no duty to defend or indemnify the Modern Defendants

        for the claims in the *DB* Lawsuit; and

B.      For all such just and equitable relief, including costs for this suit.

Respectfully submitted,

BEDIVERE INSURANCE COMPANY as Successor in Interest
to ONEBEACON AMERICA INSURANCE COMPANY f/k/a
WESTERN STATES INSURANCE COMPANY

By:     /s/ Michael J. Duffy
                One of Its Attorneys

Michael J. Duffy (michael.duffy@wilsonelser.com)
Christopher M. Sweeney (christopher.sweeney@wilsonelser.com)
Wilson Elser Moskowitz Edelman & Dicker LLP
55 West Monroe Street - Suite 3800
Chicago, IL 60603
(312) 704-0550
(312) 704-1522 (fax)

2530686v.1